<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HATEM KHATER,<br><br>*Plaintiff*,<br><br>v.<br><br>PUZINO DAIRY INC. and CRAIG PUZINO,<br><br>*Defendants*. | Civil Action No. 14-4618<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court on Plaintiff Hatem F. Khater's ("Plaintiff") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 43. For the reasons set forth herein, the motion is **DENIED**.

**I.   BACKGROUND**

Plaintiff was a dockworker who worked at Puzino Dairy, Inc., beginning on September 24, 2013. Compl., Dkt. No. 1-1. He alleges that he was subjected to harassment from coworkers and a supervisor because he was Arab, Palestinian, and Muslim. Id. Plaintiff complained to Craig Puzino ("Defendant"), owner of Puzino Dairy, who asked him "Why do you call yourself Freddie, so you can hide your original identity which is Arab Palestinian Muslim?" Id. Plaintiff's pay was then reduced a week or two later. Id. Plaintiff alleges that, in addition to discrimination, this pay reduction was also in retaliation for his complaints. Id. In a supplemental affidavit, Plaintiff provides notes which appear to have been taken during the time of the alleged misconduct. Khater Aff., Dkt. No. 30. Among other things, these notes record Plaintiff being called a terrorist, being

asked where his camel is, being told by Mr. Puzino that he needs to stop complaining about discrimination or he would be fired, and finally being fired. Id. at 4-6.

On August 17, 2015, Plaintiff moved for clerk's entry of default, which was entered on August 19th. On November 12, 2014, Plaintiff moved for default judgment. Dkt. No. 21. The motion was denied due to inadequate background information. Dkt. No. 26. On April 15, 2015, Plaintiff filed a second motion for default judgment. Dkt. No. 27. Two days later, he also submitted an affidavit more fully explaining the alleged conduct. Khater Aff., Dkt. No. 30. This motion was referred to Magistrate Judge Michael Hammer, who recommended to this Court that the motion be denied for failure to effectuate service. Dkt. No. 32. It was. Dkt. No. 38. On August 17, 2015, Plaintiff moved for default judgment a third time. Dkt. No. 39. This motion was denied for inadequate service, and Defendant Puzino Dairy was dismissed due to Plaintiff's failure to file any evidence that proper service had been effectuated on it. Dkt. No. 42. The Court then specifically instructed Plaintiff to file an affidavit identifying Mr. Puzino's home address, which he subsequently did. Dkt. Nos. 45, 46. On October 13, 2015, Plaintiff moved for default judgment against Mr. Puzino a fourth time. Dkt. No. 43. The Court now decides that motion.

## II.   STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36

2

(D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011).  Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages.  See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default.  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over Mr. Puzino.  First, the Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this matter raises a federal question: whether Plaintiff was discriminated against in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5.  The Court has personal jurisdiction over Mr. Puzino, as his residence is in Wyckoff, New Jersey.  Khater Letter at 1, Dkt. No. 46.

Plaintiff has provided the Court with proof of service as to Mr. Puzino.  Service of summons and the complaint may be effectuated by, inter alia, leaving the complaint and summons "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. . . ."  Fed. R. Civ. P. 4(e)(2)(B).  Here, Plaintiff left the complaint with Mr. Puzino's son, who is over eighteen years old, at Mr. Puzino's dwelling.  See Dkt. Nos. 46, 48.  This satisfies Rule 4(e)(2)(B).

### B. Liability

Plaintiff has pled many of the components of a claim of discrimination in employment under Title VII against Mr. Puzino. "[I]n order to state a valid claim for disparate treatment on the basis of race, plaintiff must show: (1) she belongs to a protected class; (2) she suffered some form of adverse employment action; and (3) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination." Moore v. Beers, 121 F. Supp. 3d 425, 430 (D.N.J. 2015) (citing Barnett v. New Jersey Transit Corp., 573 Fed. App'x 239, 243 (3d Cir. 2014)). Here, Plaintiff alleges that he was a protected race, nationality, and religion. He alleges that he was fired when Mr. Puzino learned of his race, nationality, religion, and in retaliation for his complaints. Compl., Dkt. No. 1-1.

### C. Appropriateness of Default Judgment

However, the Court must also consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. Here, Mr. Puzino has a meritorious defense.

Mr. Puzino is an individual, not a company. Title VII does not create liability for individuals. See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1078 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII."). This reasoning has consistently precluded claims against individual employees. See Newsome v. Admin. Office of the Courts of the State of New Jersey, 51 F. App'x 76, 79 n.1 (3d Cir. 2002) ("it is settled that Title VII does not provide for individual liability"); Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("individual employees are not liable under Title VII"). "Moreover, the courts in this District have consistently found official capacity suits against individual supervisory

4

employees to be barred under Title VII." Simon v. Shore Cab, LLC, No. 13-6290, 2014 WL 2777103, at *5 (D.N.J. June 19, 2014) (citing Schanzer v. Rutgers Univ., 934 F. Supp. 669, 678 n.12 (D.N.J. 1996); Galm v. Gloucestor Cnty. Coll., No. 06-3333, 2007 WL 2442343 (D.N.J. Aug. 22, 2007); Gretzula v. Camden Cnty. Technical Sch. Bd. of Educ., 965 F. Supp. 2d 478, 485 (D.N.J. 2013); Benjamin v. City of Atl. City, No. 12-3471, 2014 WL 884569 (D.N.J. Mar. 6, 2014)). In short, Title VII does not create a cause of action against Mr. Puzino, as opposed to Puzino Dairy, Inc. Because Mr. Puzino has a valid defense, the Court will not enter default judgment against him.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for final judgment by default is **DENIED.** An appropriate order accompanies this opinion.

Date: May 27, 2016       /s/ *Madeline Cox Arleo*
                         **Hon. Madeline Cox Arleo**
                         **UNITED STATES DISTRICT JUDGE**

5