UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HATEM F. KHATER,<br><br>                *Plaintiff*,<br>v.<br><br>PUZINO DAIRY INC. and CRAIG PUZINO,<br><br>                *Defendants*. | Civil Action No. 14-4618<br><br>ORDER |

**THIS MATTER** comes before the Court on pro se Plaintiff Hatem F. Khater's ("Plaintiff") motions to reopen the case and enter default judgment. Dkt. Nos. 61, 62, 63. For the reasons set forth herein, the motions are **DENIED**:

1. Plaintiff worked at Defendant Puzino Dairy Inc. (the "Company"), a company owned by Defendant Craig Puzino (collectively, "Defendants"). He alleges that he was subject to harassment from coworkers and supervisors because of his race, national origin, and religion. See Compl., Dkt. No. 1-1. In 2014, he brought this action under Title VII of the Civil Rights Act of 1964 against Mr. Puzino and the Company. Id.

2. In 2015, Plaintiff moved for default judgment two times, but his motions were denied for failure to provide proof of service on Defendants. See Dkt. Nos. 26, 38.[1] On his third attempt, Plaintiff provided proof of service on Mr. Puzino but not on the Company so the Court dismissed the Company from the case. Order dated Oct. 2, 2015, Dkt. No. 42. The Court then denied default against Mr. Puzino because Title VII does not create liability for individuals and

---

[1] Because Plaintiff was proceeding in forma pauperis, he was entitled to direct the U.S. Marshals Service to effect service of process. See Crock v. Astrue, 332 F. App'x 777, 778 (3d Cir. 2009); see also Dkt. Nos. 4 (granting in forma pauperis status), 8 (directing U.S. Marshals Service to serve process), and 9 (transmitting USM 285 Forms to Plaintiff). It appears that Plaintiff used the U.S. Marshals to attempt service on Mr. Puzino (although he provided the wrong address) but did not elect to use the U.S. Marshals to serve the Company. See Report and Recommendation dated June 22, 2015 at 3, Dkt. No. 32.

1

the case was closed.  Opinion dated May 27, 2016 at 4, Dkt. No. 54.

3. On May 31, 2016, Plaintiff moved to reopen the case and for reconsideration of the order of dismissal.  Dkt. Nos. 56, 57.  The Court denied both motions.  Order dated Aug. 1, 2016, Dkt. No. 58.

4. Plaintiff filed the instant motions to reopen on September 19, 2016, February 21, 2017, and April 12, 2017.  The Court construes these requests as motions for relief from a judgment or order under Fed. R. Civ. P. 60(b)(1) or (b)(2).  Rule 60(b) permits a court to grant relief from a judgment or order for, among other things, excusable neglect or any other reason that justifies relief.  Fed. R. Civ. P. 60(b)(1), (6).  Here, Plaintiff asks that the Court reopen his case but has still not provided evidence of service on the Company (through himself or the U.S. Marshals Service) or evidence of his attempts to serve the Company.  He also claims that he was unable to afford the cost of service, but he was not required to bear such costs because he was proceeding in forma pauperis and therefore was entitled to rely on the U.S. Marshals to effect service.  See Crock, 332 F. App'x at 778.  Accordingly, Plaintiff has not demonstrated a right to reopen the case.

**IT IS** on this 18th day of April, 2017,

**ORDERED** that Plaintiff's motions to reopen are **DENIED**.

> */s Madeline Cox Arleo*
> **Hon. Madeline Cox Arleo**
> **United States District Judge**